IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ONESIMO "TREY" PEREZ** and | § | |
| **JONATHAN HAWES**, on their own | § | |
| Behalf and for all others similarly | § | |
| situated, | § | |
| **Plaintiffs** | § | |
| v. | § | C.A. No. _____ |
| | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| | § | |
| **Defendant** | § | Jury Demanded |

### NOTICE OF REMOVAL

Harris County files this Notice of Removal under 28 U.S.C. § 1441, *et seq.*

1. The plaintiffs first filed this case in federal court on April 4, 2013 – C.A. No. 4:13-cv-00966, before the Honorable Sim Lake, United States District Judge - alleging federal question jurisdiction. They filed a Notice of Dismissal on April 30, 2013 (Dkt. 5), and the Court dismissed without prejudice the same day. (Dkt. 6).

2. The plaintiffs later filed in state court, alleging the **same** Fifth Amendment, federal-question issue. Plaintiff's Original Petition, page 8, ¶ 29, (TAKING UNDER THE UNITED STATES CONSTITUTION), filed July 17, 2013, In the District Court of Harris County, 80th Judicial District, **Cause No. 2013-41853**.

3. Harris County files this notice of removal within 30 days after service of the Original Petition on July 19, 2013.

4. The plaintiffs also allege taking under the Texas Constitution. Plaintiff's Original Petition, page 8, ¶ 31, (TAKING UNDER THE TEXAS CONSTITUTION). The Texas Supreme

Court has held there are no state constitutional torts and no implied private right of action for damages under the Texas Constitution.[1]

4. Jurisdiction is proper. The plaintiffs' Original Petition raises a federal question under the Fifth Amendment.[2] Venue is proper. Removal is proper.[3] Harris County consents to this removal.

5. The plaintiffs sue Stan Stanart, Harris County Clerk, in his official capacity. Original Petition, p. 2, ¶ 5. An official capacity lawsuit ". . . is *not* a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself."[4] In addition, Stan Stanart is the wrong official.

6. With this notice Harris County files a copy of all process and pleadings filed in the 80th District Court in Cause No. 2013-41853. See the Index of Matters Removed.

7. Harris County is serving all adverse parties with written notice of the filing of this Notice of Removal. And a copy of this Notice will be filed with the Harris County District Clerk. See 28 U.S.C. § 1446(d).

## Prayer

Harris County respectfully asks the Court to remove this case to the United States District Court.

---

[1] *City of Beaumont v. Bouillion,* 896 S.W.2d 143, 148-49 (Tex.1995).

[2] 28 U.S.C. § 1331, § 1441(b), and § 1443.

[3] *Id.*

[4] *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Respectfully submitted,

VINCE RYAN
Harris County Attorney


*/S/Fred Keys, Jr.*
FRED A. KEYS, JR.
Sr. Assistant County Attorney
Texas State Bar No. 11373900
1019 Congress, 15th Floor
Houston, Texas 77002
(713) 274-5141 (telephone)
(713) 755-8924 (facsimile)
fred.keys@cao.hctx.net

ATTORNEYS FOR HARRIS COUNTY

### CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2013, a true and correct copy of Defendant's Notice of Removal was served by facsimile to all parties of record.


*/S/Fred Keys, Jr.*
FRED A. KEYS, JR.
Assistant County Attorney

3